# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:12-cr-00237-MMD-CWH |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| JOSEPH ANDRADE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on Defendant Gaytan's Ex Parte Application to Issue Criminal Subpoenas (#80), filed on December 18, 2012.

## BACKGROUND

In the instant case, Defendants Julian Gaytan, Perla Ramirez, David Duran, and Joseph Andrade are charged with Conspiracy to Travel in Interstate Commerce in Furtherance of a Racketeering Activity, in violation of 18 U.S.C. § 371, Brandishing a Firearm in Furtherance of a Crime of Violence and Aiding and Abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2, Interstate Travel in Aid of a Racketeering Activity and Aiding and Abetting, in violation of 18 U.S.C. §§ 1952(a)(2)(B) and (2), and Brandishing a Firearm During a Crime of Violence and Aiding and Abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. *See* Indictment (#1). The Defendants are alleged to have traveled from Arizona to Nevada in furtherance of their crime and participated in a home invasion robbery. By way of this motion, Defendant Gaytan requests that the Court issue three criminal subpoenas for the evidentiary hearing set for January 9, 2012 for the following individuals: Ken Hardy, J. Larson, and Doris Martinez.

## DISCUSSION

Federal Rule of Criminal Procedure 17 allows a defendant to submit an ex parte application requesting the court to order that a subpoena to be issued for a named witness. Fed. R. Crim. Pro.

17(b). However, the defendant must show (1) "an inability to pay the witness's fees" and (2) "the necessity of the witness's presence for an adequate defense." *Id.* "Although prior judicial authorization is required, the ex parte nature of a Rule 17(b) application serves to put a defendant on equal footing with the Government because the Government is not required to give a defendant notice as to those witnesses that it intends to subpoena to testify at trial." *United States v. Reyes*, 162 F.R.D. 468, 469 (S.D.N.Y. 1995).

The Court has carefully reviewed Defendant Gaytan's Application for three Rule 17(b) subpoenas in this case and finds that he has not met his burden. The Application does not provide any information regarding how the three witnesses are necessary to Defendant Gaytan's defense. It is unclear how Doris Martinez is related to the case. Additionally, it is unclear who J. Larson is because his or her full name is not specified and there is no corresponding address included. Merely citing Rule 17(b)'s standard is insufficient to justify the issuance of the three criminal subpoenas requested. Moreover, the Court notes that Defendant Gaytan failed to comply with Local Rule 7-2 in that he did not include any points and authorities in the Application. Accordingly, the Court will deny Defendant Gaytan's Application without prejudice as he may submit more information to met his burden under Rule 17(b).

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendant Gaytan's Ex Parte Application to Issue Criminal Subpoenas (#80) is **denied without prejudice**.

DATED this 19th day of December, 2012.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**