UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JULIAN GAYTON, et al.,<br><br>Defendants. | Case No. 2:12-cr-00237-MMD-CWH<br><br>ORDER |

**I.　SUMMARY**

Before the Court is Defendant Julian Gaytan's Objection to the Order of Magistrate Judge Denying Defendant's Motion to Sever Defendants ("Defendant's Objection"). (Dkt. no. 73.) The Court has reviewed the briefs relating to Defendant's Objection, the Magistrate Judge's Order and the briefs relating to Defendant's Motion to Sever Trial of Defendants. For the reasons discussed herein, the Court affirms the Magistrate Judge's Order.

**II.　BACKGROUND**

Four defendants, Joseph Andrade, Perla Ramirez, David Duran and Julian Gaytan, were indicted on four counts of conspiracy to travel in interstate commerce in furtherance of racketeering activity, brandishing a firearm in furtherance of a crime of violence, interstate travel in aid of racketeering activity, and brandishing a firearm during a crime of violence. The allegations supporting the indictment stem from Defendants'

travel by car from Arizona to Nevada to burglarize a home in North Las Vegas. After the burglary, two suspects fled from the scene. Defendants Ramirez and Andrade were still on the scene outside the home when the police arrived and detained and interviewed them. A search of the vehicle registered to Andrade and parked at the scene revealed, among other items, the wallets of Defendants Duran and Gaytan. In her interview with the police, Ramirez identified "Julian" as one of the unidentified suspects who fled the scene. Andrade was interviewed over the course of several days. During his interviews, he initially identified "Tony" and "Juan" as the two men who accompanied him and Ramirez to Las Vegas. He later identified his brother, Cesar Andrade, as one of the men involved but denied knowing the name of the other individual and admitted that he had erroneously provided the names of "Tony" and "Juan." Several days later, Andrade identified Gaytan as one of the alleged participants in the burglary.

### III. STANDARD OF REVIEW

Gaytan correctly notes that magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); L.R. IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law."). "A finding is clearly erroneous when, although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010) (quotation omitted). A magistrate's pretrial order issued under 28 U.S.C. § 636(b)(1)(A) is not subject to *de novo* review, and the reviewing court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

///

## IV. DISCUSSION

### A. Legal Standard Governing Severance

Gaytan does not challenge the initial joinder of defendants under Fed. R. Crim. P. 8. However, Gaytan argues that Rule 14 mandates severance. Rule 14 permits the court to order separate trials or "provide any other relief that justice requires" if joinder "appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a). "Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro v. United States*, 506 U.S. 534, 538-39 (1993). Moreover, "it is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." *Id.* at 540.

### B. Claims of Errors by Magistrate Judge

Gaytan contends that the Magistrate Judge's decision rejecting the following three arguments and finding that limiting instructions are sufficient to cure any potential "spill over" prejudice are clearly erroneous: the introduction of co-defendants' statements violate Gaytan's right to confront his co-defendants; Gaytan's defense is sufficiently antagonistic to his co-defendants; and Andrade offers exculpatory testimony but Gaytan will be prohibited from calling him as a witness at trial. Gaytan also argues that the Magistrate Judge failed to address his claim of cumulative error. The Court finds that Magistrate Judge's denial of Defendant's severance request is not clearly erroneous or contrary to law and will address Gaytan's arguments in turn below.

#### 1. Protection of Gaytan's Rights under the Confrontation Clause

Gaytan challenges the Magistrate Judge's finding that a proper redaction to eliminate references to Gaytan's name and existence from statements of his co-defendants will suffice to protect Gaytan's rights to confrontation. The Court finds that the Magistrate Judge made no clear error in reaching this conclusion.

The Supreme Court in *Bruton v. United States*, 391 U.S. 123 (1968) established the rule that the Confrontation Clause forbids the prosecution to introduce a

nontestifying defendant's confession implicating the other defendant in the crime. In *Bruton*, the government introduced the nontestifying co-defendant's confession, which stated that he and defendant committed the robbery, but the trial court instructed the jury to consider the confession as evidence only against the co-defendant. The Supreme Court found that despite the limiting instruction, the introduction of such confession violated defendant's Sixth Amendment right to cross-examine witnesses. The Supreme Court subsequently limited the *Bruton* rule to confessions of a nontestifying co-defendant that are facially incriminating of another defendant and established the level of redactions sufficient to alleviate Confrontation Clause concerns. *See Richardson v. Marsh*, 481 U.S. 200 (1987). In *Richardson*, the Supreme Court held that the Confrontation Clause is not violated by the introduction of a nontestifying co-defendant's confession that is redacted to eliminate the name and any other reference to the defendant's existence and did not indicate that the confession had been redacted. *Id.* at 211. In *Gray v. Maryland*, 523 U.S. 185 (1997), the Supreme Court held that where the confession referred to and directly implicated another defendant, redactions that "simply replace a name with an obvious blank space or a word such as 'deleted' or a symbol or other similarly obvious indications of alteration" are insufficient under the *Bruton* rule. The Supreme Court concluded that the redactions in *Richardson* are sufficient because the redacted statements did not refer directly to defendant and became "incriminating only when linked with the evidence introduced later at trial." *Id.* at 196 (quoting *Richardson*, 481 U.S. at 208).

The Magistrate Judge's conclusion that proper redactions will protect Gaytan's right to confrontation is well grounded and not clearly erroneous. The Court will address the redactions required and the proper limiting jury instructions before trial.

2.  Mutually Antagonistic Defenses

"Mutually antagonistic defenses are not prejudicial *per se*." *Zafiro*, 506 U.S. at 538-39. Nor is "the desire of one defendant to exculpate himself by inculpating a defendant" sufficient to require severance. *United States v. Johnson*, 297 F.3d 845,

858 (9th Cir. 2002), quoting *United States v. Throckmorton,* 87 F.3d 1069, 1072 (9th Cir.1996). In seeking severance under a mutually antagonistic defense, the defendant must demonstrate "that the core of the co-defendant's defense is so irreconcilable with the core of his own defense that the acceptance of the co-defendant's theory by the jury precludes acquittal of the defendant." The Magistrate Judge did not commit clear error in finding that Gaytan failed to satisfy his burden of demonstrating prejudice.

In support of his claim that his defense strategy is mutually antagonistic to the strategy of his co-defendants, Gaytan reiterates his argument that co-defendant Andrade's attorney will continue to blame Gaytan in an attempt to minimize Andrade's culpability and ingratiate himself to the jury, just as he did with the police officers who interviewed him. It is difficult to understand how Andrade's attorney can shift the blame to Gaytan to minimize Andrade's culpability. Andrade was arrested at the scene of the robbery outside the home and confessed to his involvement, albeit giving several inconsistent versions as to his role and the identity of the other suspects. Even if Andrade's attorney attempts to minimize his culpability, no real conflict in the defenses exists here. This is not the situation where the acquittal of one defendant necessitates the conviction of the other defendant because of the number of suspects involved and the number of suspects detained at the scene of the burglary at issue. Andrade cannot now deny that he was at the scene of the burglary and attempt to extricate himself by inculpating Gaytan. Gaytan presumably would not testify that it was Andrade who was culpable because doing so would necessarily implicate Gaytan.

3.  Claim of Need for Andrade's Exculpatory Testimony

Gaytan argues that the Magistrate Judge made a clear error in rejecting his claim that Andrade is a necessary witness for Gaytan's defense by finding that Andrade's testimony is not exculpatory. Gaytan contends the Magistrate Judge disregarded the fact that Andrade, in his interviews with law enforcement, identified at least three other people before he identified Gaytan. While Andrade's conflicting statements impugn his credibility, his statements do not exculpate Gaytan because Andrade did ultimately

identify Gaytan. Moreover, Gaytan has not demonstrated that Andrade will, in fact, testify in a separate trial if severance is granted. Indeed, if Andrade invokes his Fifth Amendment right against self-incrimination at trial, he will likely do the same if called to testify in a separate trial.

4. Claim of "Spillover" Prejudice

Gaytan argues that the Magistrate Judge committed clear error in finding that any "spillover" prejudice resulting from the strength of the evidence against the co-defendants can be cured with limiting jury instructions. Gaytan argues that because of the overwhelming inculpatory evidence against Andrade and Ramirez, the jury will not be able to compartmentalize the evidence against the individual co-defendants and convict him based on his association with them.

"In assessing the prejudice to a defendant from the 'spillover' of incriminating evidence, the primary consideration is whether the 'jury can reasonably be expected to compartmentalize the evidence as it relates to separate defendants, in view of its volume and the limited admissibility of some of the evidence.'" *United States v. Cuozzo*, 962 F.2d 945, 950 (9th Cir. 1992) (quoting *United States v. Escalante,* 637 F.2d 1197, 1201 (9th Cir. 1980)). Limiting jury instructions may cure any "spillover" evidence and render such evidence non-prejudicial even where the case may be complex. *See United States v. Johnson*, 297 F.3d at 856-60 (affirming trial court's decisions to deny severance requests and finding that any "spillover" evidence was sufficiently addressed through limiting jury instructions during the lengthy and complex trials).

Gaytan's main contention is that the disparity in the evidence against him and his co-defendants will cause "spillover" prejudice. However, as Gaytan recognizes, this is not a complex case. The evidence is not voluminous and the number of witnesses is not unmanageable such that the jury may be confused by the evidence and which evidence relates to which defendant. The Magistrate Judge found that curative instructions can be given to the jury for them to reasonably compartmentalize the

///

evidence as it relates to each defendant. The Court cannot find that the Magistrate Judge made any error, let alone clear error, in reaching this conclusion.

         5.      Claim of Cumulative Prejudice

Finally, Gaytan argues that the Magistrate Judge committed clear error by failing to consider his cumulative prejudice argument. While the Magistrate Judge did not separately address this argument in his Order, the Magistrate Judge noted that he "gave careful consideration to Gaytan's reasons for severance" and ultimately concluded that Defendant failed to meet his high burden. (Dkt. no. 68 at 5.) After reviewing the Magistrate Judge's Order, the relevant briefs and accompanying exhibits, the Court is not left with a firm conviction that the Magistrate Judge made a mistake in reaching his decision.

**V.    CONCLUSION**

IT IS THEREFORE ORDERED that Defendant's Objection (dkt. no. 73) is OVERRULED. The Court AFFIRMS the Magistrate Judge's Order denying Defendant's Motion to Sever.

DATED THIS 16th day of January 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE