# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:12-cr-00237-APG-CWH |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| JOSEPH ANDRADE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on Defendant Perla Ramirez's Ex Parte Motion for Issuance of Subpoena Pursuant to Rule 17(b) of the Federal Rules of Criminal Procedure (#128), filed on June 12, 2013.

## BACKGROUND

In the instant case, Defendants Julian Gaytan, Perla Ramirez, David Duran, and Joseph Andrade are charged with Conspiracy to Travel in Interstate Commerce in Furtherance of a Racketeering Activity, in violation of 18 U.S.C. § 371, Brandishing a Firearm in Furtherance of a Crime of Violence and Aiding and Abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2, Interstate Travel in Aid of a Racketeering Activity and Aiding and Abetting, in violation of 18 U.S.C. §§ 1952(a)(2)(B) and (2), and Brandishing a Firearm During a Crime of Violence and Aiding and Abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. *See* Indictment (#1). The Defendants are alleged to have traveled from Arizona to Nevada in furtherance of their crime and participated in a home invasion robbery. By way of this motion, Defendant Perla Ramirez ("Ramirez") requests that the Court issue a subpoena to the Custodian of Records for the North Las Vegas Police Department to testify at a deposition on June 25, 2013 at 1:30 a.m.[1] and bring a copy

---

[1] The Court assumes to Defense Counsel made a drafting error and meant to write 1:30 p.m. rather than 1:30 a.m.

of any policy manual or any such document setting forth North Las Vegas Police Department policies and procedures to be utilized by police officers, and in particular, as it pertains to Mirandizing suspects.

## **DISCUSSION**

Federal Rule of Criminal Procedure 17 allows a defendant to submit an ex parte application requesting the court to order that a subpoena to be issued for a named witness. Fed. R. Crim. Pro. 17(b). However, the defendant must show (1) "an inability to pay the witness's fees" and (2) "the necessity of the witness's presence for an adequate defense." *Id.* "Although prior judicial authorization is required, the ex parte nature of a Rule 17(b) application serves to put a defendant on equal footing with the Government because the Government is not required to give a defendant notice as to those witnesses that it intends to subpoena to testify at trial." *United States v. Reyes*, 162 F.R.D. 468, 469 (S.D.N.Y. 1995).

Additionally, the standards governing the issuance of subpoenas *duces tecum* under Rule 17(c) were analyzed recently in *United States v. Sellers*, 275 F.R.D. 620 (D. Nev. 2011). Rule 17, in pertinent part, provides:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Fed. R. Crim. P. 17(c)(1). Courts have discretion to direct that a subpoena *duces tecum* be made returnable before trial. Nevertheless, the law is clear that Rule 17 is not a discovery device. *See e.g.*, *United States v. Nixon*, 418 U.S. 683, 689 (1974); *see also Sellers*, 275 F.R.D. at 622-23 (collecting cases). As noted in *Sellers*, "Leave of court is required for a pretrial subpoena *duces tecum*." *Id*. at 623 (citation omitted). The Supreme Court has stated that "[e]nforcement of a pretrial subpoena *duces tecum* must necessarily be committed to the sound discretion of the trial court since the necessity for the subpoena most often turns upon a determination of factual issues." *Nixon*, 418 U.S. at 702.

The moving party bears the burden of showing good cause for the requested pretrial production. Generally, courts look to the factors first identified in *United States v. Iozia*, 13 F.R.D.

335 (S.D.N.Y. 1952) for guidance in determining whether pretrial production is appropriate. *See Nixon*, 418 U.S. at 699. The *Iozia* standard requires a showing: (1) that the documents are evidentiary and relevant; (2) that the documents are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the defendant cannot properly prepare for trial without production in advance of trial and that failure to obtain the documents may unreasonably delay the trial; and (4) that the application is made in good faith and not intended as a fishing expedition. *Nixon*, 418 U.S. at 699-700 (citing *United States v. Iozia*, 13 F.R.D. 335, 338 (S.D.N.Y. 1952)).

Against the backdrop of *Ioza*, the Supreme Court identified "three hurdles" that a moving party must clear in order to carry his burden: relevancy, admissibility, and specificity. *Nixon*, 418 U.S. at 700. The moving party must "show the evidentiary nature of the requested materials ...." *United States v. Skeddle* 178 F.R.D. 167, 168 (N.D. Ohio 1996). Conclusory allegations of relevance or admissibility are not sufficient. *Sellers*, 275 F.R.D. at 623-24 (citations omitted). Documents requested in a Rule 17(c) subpoena must have more than some potential relevance or evidentiary use, there must be a sufficient likelihood that the requested material is relevant to the offenses charged in the indictment. *Id.* at 624 (citing *Nixon*, 418 U.S. at 700). The specificity requirement "ensures that the subpoenas are used only to secure for trial certain documents or sharply defined groups of documents." *Id*. (quoting *United States v. Jackson*, 155 F.R.D. 664, 667 (D. Kan. 1994)). Requiring specificity also protects against Rule 17(c) subpoenas being used improperly to engage in fishing expeditions. *Id*. (citation omitted).

The court in *Sellers* also addressed the issue of whether Rule 17(c) allows for an *ex parte* application for pretrial production by indigent defendants. Contrary to Rule 17(b), the language of Rule 17(c) does not expressly allow for pretrial production by an indigent defendant. As noted in *Sellers*, "[c]ourts are split as to whether a party may make an *ex parte* application for a pretrial subpoena *duces tecum*, and the Ninth Circuit has not ruled on the issue." *Id*. at 624-25 (collecting cases). This Court agrees with the conclusion in *Sellers* that an indigent defendant should be permitted to make an *ex parte* application under Rule 17(c) under limited circumstances, "such as where identification of the source of evidence potentially imperils the source or integrity of evidence; or where notice of a subpoena *duces tecum* would compromise defense counsel's

strategy; or where a constitutional interest of a defendant is implicated." *Id*. at 625; *see also Reyes*, 162 F.R.D. at 470 (noting the strong policy reasons in favor of an *ex parte* procedure). This Court further agrees that allowing for an *ex parte* application for a Rule 17(c) subpoena *duces tecum* does not entitle the defendant to strategic advantage or tactical surprise. Rule 17(c)(1) is clear that "[t]he court may direct the witness to produce the designated items in court before trial or before they are offered in evidence" and "may permit the parties and their attorneys to inspect all or part of them." Fed. R. Crim. P. 17(c)(1).

The Court has carefully reviewed Defendant Ramirez's Application for a Rule 17(b) and Rule 17(c) subpoena in this case and finds that she has not met her burden. The Application does not provide any information regarding how the witness is necessary to Defendant Ramirez's defense. Moreover, the Court notes that Defendant Ramirez failed to comply with Local Rule 7-2 in that she did not include any points and authorities in the Motion. Indeed, the Motion fails to cite the standard for requesting a Rule 17(b) subpoena and does not reference Rule 17(c) or the standard for requesting a Rule 17(c) subpoena. Accordingly, the Court will deny Defendant Ramirez's Motion without prejudice as she may submit more information to met her burden under Rule 17(b) and Rule 17(c).

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendant Perla Ramirez's Ex Parte Motion for Issuance of Subpoena Pursuant to Rule 17(b) of the Federal Rules of Criminal Procedure (#128), is **denied without prejudice**.

DATED this 14th day of June, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**